**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44675**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: July 2, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| PATRICK ANTHONY ZAVALA, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Judgment of conviction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Patrick Anthony Zavala appeals from his judgment of conviction for unlawful possession of a firearm; aggravated assault on a law enforcement officer, enhanced for use of a deadly weapon; two counts of resisting or obstructing an officer; and a persistent violator enhancement. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Police officers stopped a vehicle for driving at night without illuminated headlights. Zavala was a passenger in the car and fled on foot as the officers approached the vehicle. As Zavala fled, officers observed him carrying a pistol in his right hand. Two officers chased Zavala and repeatedly ordered him to drop the weapon; Zavala ignored the officers' commands. Zavala then entered a narrow alley and began to scale a fence at the end of the alley. By this

1

time, Officer Crist had joined the pursuit, driven ahead of Zavala to cut off his escape, exited his patrol vehicle, and waited for Zavala on the other side of the fence. As Zavala's hands appeared on the top of the fence, Crist observed a semiautomatic pistol in Zavala's right hand. Crist ordered Zavala to drop the weapon; Zavala immediately looked at Crist and pointed the gun at him. Crist fired eleven bullets at Zavala, striking him once in the leg. Zavala fired his gun once, accidentally shooting himself in the left hand. The officers arrested Zavala.

The State charged Zavala with unlawful possession of a firearm, Idaho Code § 18-3316; aggravated assault on a law enforcement officer, enhanced for use of a deadly weapon, I.C. §§ 18-901(b), 18-905(a), 18-915(1), 19-2520; two counts of resisting or obstructing an officer, I.C. § 18-705; and a persistent violator enhancement, I.C. § 19-2514. Zavala pled not guilty. The State offered to drop the aggravated assault charge, the two counts of resisting or obstructing, and the enhancement for use of a deadly weapon if Zavala would plead guilty to the possession of a firearm charge and the persistent violator enhancement. Zavala rejected the State's offer. The State then made an oral motion in limine to prohibit any references to the settlement offer at trial. The district court granted the motion.

Zavala represented himself at trial, and in his closing argument he said to the jury, "And I'm not supposed to tell you, but they offered to dismiss the charges." The prosecutor objected, stating, "That is irrelevant and untrue." The district court sustained the objection, struck Zavala's statement, and instructed the jury not to consider the statement. In the prosecutor's rebuttal closing argument, he addressed Zavala's closing argument:

> When he says that I'm going to dismiss charges or that I want to put him in prison for life, any of that stuff, that has nothing to do with the case today. It's untrue, and it's unfair of him to say those things in court today, and I ask you not to consider those things.

The jury found Zavala guilty of all charges and all enhancements. The district court sentenced Zavala to thirty years with twenty years determinate for the conviction of aggravated assault on a law enforcement officer, enhanced for using a firearm in the commission of the crime; thirty years with five years determinate for unlawful possession of a firearm, enhanced for being a persistent violator; and one-year sentences on each of the resisting and obstructing charges. The district court ordered the sentences to run concurrently. Zavala subsequently filed an Idaho Criminal Rule 35 motion to correct an illegal sentence and various other post-trial motions. The district court denied all of the motions. Zavala timely appeals.

2

## II.

## ANALYSIS

Zavala asserts the prosecutor committed misconduct, rising to the level of fundamental error, by stating in his rebuttal closing argument at trial that it was "untrue" that the State offered to dismiss Zavala's charges prior to trial. According to Zavala, the prosecutor's misconduct was two-fold: (1) the prosecutor knowingly violated the district court's ruling on the State's motion in limine and addressed Zavala's statements that the district court had already struck from the record; and (2) the prosecutor misrepresented the procedural history of the case.

While our system of criminal justice is adversarial in nature, and the prosecutor is expected to be diligent and leave no stone unturned, the prosecutor is nevertheless expected and required to be fair. *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007). However, in reviewing allegations of prosecutorial misconduct we must keep in mind the realities of trial. *Id.* A fair trial is not necessarily a perfect trial. *Id.*

Zavala made no contemporaneous objection to the prosecutor's rebuttal closing argument at trial. In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court clarified the fundamental error doctrine as it applies to allegations of prosecutorial misconduct. If the alleged misconduct was not followed by a contemporaneous objection, an appellate court should reverse when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978.

Zavala argues the prosecutor's misconduct violated his unwaived constitutional right to a fair trial. Zavala further argues the error plainly exists on the record, and his failure to object was due to a lack of legal knowledge not the result of a tactical decision. Finally, Zavala argues the prosecutor's misconduct was not harmless because the prosecutor's statements were so egregious and inflammatory that the resulting prejudice to the jury could not have been remedied by a limiting instruction.

The State argues that Zavala is not entitled to appellate review because he has failed to show error, much less fundamental error. The State also argues that the outcome of the trial was not affected by the prosecutor's closing statements.

3

Closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. *State v. Phillips*, 144 Idaho 82, 86, 156 P.3d 583, 587 (Ct. App. 2007). Its purpose is to enlighten the jury and to help the jurors remember and interpret the evidence. *Id.*; *State v. Reynolds*, 120 Idaho 445, 450, 816 P.2d 1002, 1007 (Ct. App. 1991). Both sides have traditionally been afforded considerable latitude in closing argument to the jury and are entitled to discuss fully, from their respective standpoints, the evidence and the inferences to be drawn therefrom. *State v. Sheahan*, 139 Idaho 267, 280, 77 P.3d 956, 969 (2003); *Phillips*, 144 Idaho at 86, 156 P.3d at 587. Prosecutorial misconduct during closing arguments will constitute fundamental error only if the comments were so egregious or inflammatory that any consequent prejudice could not have been remedied by a ruling from the trial court informing the jury that the comments should be disregarded. *State v. Abdullah*, 158 Idaho 386, 444, 348 P.3d 1 (2015).

As Zavala was conducting his closing argument, the following exchange occurred:

| ZAVALA: | And I'm not supposed to tell you, but they offered to dismiss the charges. |
| PROSECUTOR: | Objection. That is irrelevant and untrue. |
| ZAVALA: | But I chose to come here and confront them. |
| PROSECUTOR: | Objection. |
| COURT: | Sustained. |
| PROSECUTOR: | Move to strike. |
| COURT: | Mr. Zavala's last two sentences-- |
| ZAVALA: | The truth. |
| THE COURT: | --are improper argument and are not to be considered by the jury. I'm going to strike his last two sentences and advise the jury they are not to consider those last two sentences of Mr. Zavala's statements. |

Immediately following this exchange, the district court invited the prosecutor to make a rebuttal closing argument. The prosecutor stated:

Mr. Zavala says lots of things that we're going to send him to prison for life. There is an instruction in your instructions that you heard that says that penalty and punishment is something you're not to consider. That is not part of your job today. You guys have a hard enough job, to listen to all of this evidence, to make a decision about what's been proven beyond a reasonable doubt and what hasn't. That's your job to do all that and to listen to the evidence, to carefully weigh it and determine what's been proven beyond a reasonable doubt. It is not your job to determine what is a proper sentence. It is the judge's job to determine what is a proper sentence and only she can do that. It's not up to me. When he says that I'm going to dismiss charges or that I want to put him in prison for life, any of that stuff, that has nothing to do with the case today. It's untrue, and it's unfair for him to say those things in court today, and I ask you not to consider those things.

4

The prosecutor's statement did not violate Zavala's unwaived constitutional right to a fair trial. Zavala's claim that the State had "offered to dismiss the charges" is objectively false. The prosecutor was correct when he stated that Zavala's statement was untrue in both the objection and the rebuttal argument. The State offered to dismiss *some* of Zavala's charges in exchange for a guilty plea, but did not offer to dismiss *all* of "the charges." Even if this Court construed the prosecutor's statement as misrepresenting or mischaracterizing the procedural history of this case, it still would not amount to a violation of Zavala's constitutional right to a fair trial because the jury relies on the evidence presented at trial--not the procedural history of a case--to form the basis of its decision.

Fundamental error review is "strictly circumscribed." *Perry*, 150 Idaho at 224, 245 P.3d at 976. In *Perry*, the Court addressed a claim of prosecutorial misconduct for eliciting vouching testimony, stating:

> By the time of closing argument, the prosecutor had been warned twice by the district court about the impropriety of eliciting vouching testimony from the witnesses. Nevertheless, the prosecutor went on to refer to the vouching testimony listed above. There was no excuse for this conduct and it was clearly improper. Therefore, the prosecutor's statements during closing argument constitute misconduct. However, such misconduct did not clearly violate any of Perry's constitutional rights, and it therefore cannot constitute fundamental error.

*Id*. at 230, 245 P.3d at 982. Here, while the prosecutor should not have commented on the dismissing of "charges" as untrue, even if it amounted to misconduct, it did not clearly violate Zavala's constitutional rights, and therefore cannot constitute fundamental error.

Furthermore, Zavala's argument that his failure to object to the prosecutor's statement was due to a lack of legal knowledge and not a tactical decision is not supported by citations to the record. As to the second prong of *Perry*, Zavala makes only two assertions:

> The prosecutorial misconduct is plain from the record, and Mr. Zavala could not possibly have made a tactical decision not to object.
> . . . .
> Mr. Zavala did not object to the prosecutor's statement at trial, but surely his failure to object resulted not from a tactical decision, but from his lack of legal knowledge.

Such conclusory arguments provide no useful authority or citation to the record for this Court to review and thus are fatally deficient to a claim of fundamental error. I.A.R. 35(a)(6).[1]

---

[1] Assuming, without deciding, that a pro se litigant can ever seek fundamental error review for his own failure to object, a claim of lack of legal knowledge is insufficient.

Finally, the prosecutor's statements were harmless as there is not a reasonable possibility that the error affected the outcome of trial. In other words, the statements were not so egregious or inflammatory that any consequent prejudice could not have been remedied by a ruling from the trial court informing the jury that the comments should be disregarded. Zavala argues the prosecutor's statement undermined his defense by setting up a credibility contest whereby the jury either believed Crist's testimony and found Zavala guilty of aggravated assault, or the jury believed Zavala and found him not guilty. However, the evidence against Zavala on the issue of aggravated assault is substantial and uncontested. Eight police officers testified during the State's case-in-chief. Three officers testified during the defense's case-in-chief. None of the officers' testimonies were contradictory. Furthermore, Zavala did not present evidence to challenge the State's evidence that he fled from the police while openly carrying a gun in his hand or that he ignored repeated commands to drop the gun. Likewise, Zavala did not present evidence to controvert Crist's testimony that Zavala pointed a gun at him or that Zavala fired the weapon. Although Zavala presented argument to contradict Crist's testimony in his opening statement and in closing argument, argument is not evidence. Thus, the jury had minimal countervailing evidence presented by the defense to weigh against the State's evidence.

Moreover, taken in context, the prosecutor's rebuttal was more than just a response to Zavala's claim that the State had offered to dismiss the charges. The prosecutor also addressed Zavala's accusation that the State was trying to send him to prison for life and explained that the jury's proper function was to determine Zavala's guilt or innocence, not to determine his sentence. Therefore, we conclude the prosecutor's statement did not affect the outcome of the trial proceedings, nor was it so egregious or inflammatory that any consequent prejudice could not have been remedied by a ruling from the trial court informing the jury that the comments should be disregarded. Accordingly, the prosecutor's statement does not constitute prosecutorial misconduct rising to the level of fundamental error.

### III.

### CONCLUSION

Zavala failed to demonstrate fundamental error. The judgment of conviction is affirmed.

Judge GUTIERREZ and Judge LORELLO **CONCUR**.

6